## LUKE SIMMONS v. STATE.

No. A-5056.   Opinion Filed July 20, 1925.
(238 Pac. 230.)

Hays & Dixon, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Love county, July 22, 1923, Luke Simmons did "have in his possession about one hundred gallons of sour mash, the said mash mentioned aforesaid being then and there intoxicating liquors, containing more than one-half of one per cent. of alcohol by volume, contrary," etc. By leave of court the information was amended by interlineation by adding the words:

"The said sour mash being in the possession of the said Luke Simmons with the unlawful intent on the part of him, the said Luke Simmons, to violate the prohibitory liquor laws of the state of Oklahoma."

On the trial the jury returned a verdict finding the defendant "guilty of unlawful possession as charged in the information and assessed his punishment at thirty days in the county jail and a fifty dollars fine." To reverse the judgment, he appeals.

The assignments of error question the sufficiency of

the amended information to charge an offense and the sufficiency of the evidence to sustain the conviction.

The evidence shows that John Turner and J. G. Webber, deputy sheriffs, found two barrels of mash in a brush pasture owned by Will Bass, about 500 yards from the defendant's house; that they then went to the defendant's premises and searched it and found a few fold boxes that appeared to have had mash in them. The defendant denied any knowledge of the mash. The state rested, and the defendant moved for a direct verdict on the ground that the evidence was insufficient to warrant a conviction.

The defendant testified that with his wife and three children he moved on the Bass place that year, and was farming 40 acres in cotton; that Will Bass' pasture was not under his control; that he knew nothing about the two barrels of mash found by the officers; that he was never before arrested.

J. J. Collins and Billy Oswalt each testified that they had known the defendant since he was a small boy and knew his reputation in the community as to being a law abiding citizen, and that it was good.

We deem it only necessary to say that the evidence is insufficient to show the alleged possession of intoxicating liquors by the defendant, and for this reason the court should have sustained the defendant's motion to advise a verdict of acquittal.

The judgment appealed from is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.